**CHELSEA MORGAN SECURITIES, INC. d/b/a Chelsea Financial Services and John Thomas Pisapia, Plaintiffs,**

v.

**Richard G. RAPPAPORT and Laura E. Rappaport, Defendants.**

**Case No. CV 13–9449–R.**

United States District Court, C.D. California.

Signed March 13, 2014.

Sabryne Coleman, Theodore C. Peters, Edgerton and Weaver LLP, Hermosa Beach, CA, for Plaintiffs.

Adam Brett Wolf, Tracey Berger Cowan, Wolf Legal PC, San Francisco, CA, Daniel J. Carr, Peiffer Rosca Abdullah & Carr, LLC, New Orleans, LA, for Defendants.

## ORDER GRANTING MOTION TO COMPEL ARBITRATION AND DISMISSING COMPLAINT

MANUEL L. REAL, District Judge.

Before the Court is Richard and Laura Rappaport's "Motion to Compel Arbitration" ("Motion"), which was filed on February 3, 2014. Chelsea Morgan Securities and John Thomas Pisapia (collectively "Chelsea") filed an opposition on February 10, 2014 and the Rappaports filed a reply on February 18, 2014. Finding it suitable for decision on the papers, the Court took this matter under submission on February 18, 2014.

"A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Title 9 U.S.C. § 2.

 This provision reflects "both a liberal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract." *AT & T Mobility LLC v. Concepcion,* —— U.S. ——, 131 S.Ct. 1740, 1745, 179 L.Ed.2d 742 (2011). "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Financial Corp.-Alabama v. Randolph,* 531 U.S. 79, 91, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000).

The Financial Industry Regulation Regulatory Authority ("FINRA") is "a self-regulatory organization established under Section 15A of the Securities and Exchange Act of 1934." *UBS Fin. Services, Inc. v. West Virginia Univ. Hospitals, Inc.,* 660 F.3d 643, 648 (2d Cir.2011). It has the authority to exercise oversight over "all securities firms that do business

with the public." *Id.* "Upon joining FIN-RA, a member organization agrees to comply with FINRA's rules." *Id.* The FINRA rules constitute an agreement for purposes of Title 9 U.S.C. § 2. *Id.*

Chelsea is a member of FINRA. Earl Duggins was a registered representative of Chelsea from November 5, 2008 to January 28, 2009. Carr Decl., Ex. 2. During this time period Duggins was also the contact person for the Rappaports with respect to their investments with Diversified Lending Group ("DLG"). *See e.g.,* Supp. Decl. Richard Rappaport ¶ 3.

The Rappaports made investments in DLG through Duggins at this time. Richard Rappaport submitted a check, dated January 21, 2009, for $96,000 to DLG for investment purposes. *Id.* Ex. 3. Laura Rappaport submitted three checks, dated January 22, 2009, totaling $44,808.54 to DLG for investment purposes. Supp. Decl. Laura Rappaport Ex. 2. In their arbitration claim the Rappaports also claim that they "reinvested an additional $490,706 in DLG notes between December, 2008 and January, 2009." Decl. Richard Rappaport ¶ 5; Compl. Ex. A at 2.

The parties agree that the following provision of FINRA governs the issue of whether the claims are subject to arbitration:

Parties must arbitrate a dispute under the Code if:

 ● Arbitration under the Code is either:

 (1) Required by a written agreement, or

 (2) Requested by the customer;

 ● The dispute is between a customer and a member or associated person of a member; and;

 ● The dispute arises in connection with the business activities of the member or the associated person. . . .

FINRA Rule 12200, *available at* http://finra.complinet.com/en/display/display.html?rbid=2403&element_id=4106

### 1. Arbitration Has Been Requested by Customers (the Rappaports)

▉ In interpreting the predecessor to Rule 12200, the court in *John Hancock Life Ins. Co. v. Wilson* decided that an investor who is a customer of the associated person, but not the member directly, still qualifies as a "customer" under the rule. 254 F.3d 48, 59 (2d Cir.2001) ("In the district court's view, the term customer plainly refers to either the members or the associated person's customer. We agree with the district court.") This interpretation is supported by the broad definition of the term "customer" in the FINRA rules, which specifies only what a customer is not: "A customer shall not include a broker or dealer." FINRA Rule 12100(i), *available at* http://finra.complinet.com/en/display/display_main.html?rbid=2403&element_id=4099.

During the time of the investments at issue here, the Rappaports were customers of Duggins who, in turn, was an associated person of Chelsea. The Rappaports have requested arbitration. Arbitration has therefore been requested by a "customer" within the meaning of the rule, and the requirement of subsection one of Rule 12200 is satisfied.

### 2. The Dispute is Between a Customer (the Rappaports) and a Member (Chelsea)

As analyzed above, the Rappaports were customers. The dispute is between the Rappaports and Chelsea. Therefore the requirement of subsection two of Rule 12200 is satisfied.

### 3. The Dispute arose out of Business Activities of an Associated Person (Duggins) and a Member (Chelsea)

■ Chelsea argues that subsection three of Rule 12200 is not satisfied because the dispute does not arise out of the business activities of Chelsea. This argument overlooks the language of the rule, which only requires that the dispute arise out of the "business activities of the member *or* the associated person." Rule 12200 (emphasis added). This dispute arises out of Duggins' business activity, because the Rappaports are alleging wrongdoing based on Duggins' conduct in his role as a seller of securities.

The Rappaports claims also arise out of the business activities of Chelsea because the claims are based, in part, upon a theory of negligent supervision. Compl. Ex. A at 15. Claims for negligent supervision are based upon the "business" of the supervising firm. *Royal Alliance Associates, Inc. v. Davis,* 897 F.Supp. 783, 788 (S.D.N.Y.1995) ("Royal's supervision of its registered agents is certainly part of Royal's business.").

The claims arise out of the business activities of Duggins and Chelsea. The third requirement of Rule 12200 is satisfied.

Because the requirements of all three subsections of Rule 12200 are met, this dispute is subject to arbitration. The Motion is granted. Chelsea's complaint for declaratory relief is dismissed because its sole request for relief is an order finding that the claims are not subject to arbitration. *UBS Fin. Services, Inc. v. Carilion Clinic,* 706 F.3d 319, 323 (4th Cir.2013).

**IT IS HEREBY ORDERED** that the Motion is granted and the Complaint is dismissed without leave to amend.